W. SHARP, Judge.
Paxton appeals from his judgment and sentences for arson[1] and burglary of a dwelling.[2] He argues on appeal that his confession and admissions of guilt captured on audio and video tapes should have been excluded from the trial because after his arrest he was not re-advised of his Miranda[3] rights. We affirm.
Paxton was a suspect in a burglary and arson case. Agent Barker of the Brevard County Sheriffs Department and State Fire Marshall Hill went to Paxton’s residence. They told him they needed to talk to him, and asked him to accompany them to the precinct. They took him there in a patrol car. Agent Barker explained to Paxton his Miranda rights. Paxton acknowledged these rights, initialed each line, and signed the form at the bottom. Paxton’s acknowl-edgement of his Miranda rights and his waiver of those rights were videotaped.
Agent Barker then questioned Paxton. Paxton denied having anything to do with the crimes. At the end of the initial interview, Barker briefly reviewed Paxton’s Miranda rights and told him he could stop the interview at any time. Because the police had sufficient evidence to arrest Paxton, and Barker felt he was getting nowhere with the interview, he decided to arrest him. Agent Barker took Paxton to the booking room, a few feet away from the interview room.
Hill entered the booking room and asked how the interview had gone. Barker said it *1256 had not gone well. Hill then said, “It takes a big man to admit a mistake.” Paxton began to sob and break down. The officers returned Paxton to the interview room where they again interrogated him. It appears Paxton admitted that he had entered the apartment where the burglary and fire occurred.[4] At trial Paxton also admitted he had entered the apartment and had taken a six pack of beer, but he denied setting any fires.
Paxton argues the officers were obliged to re-advise him of his Miranda rights once they decided to arrest him. However, we can find no cases that require re-advising a defendant of his constitutional rights under these circumstances. The arrest was legal,[5] there was no misstatement of Paxton’s Miranda rights,[6] and the police conduct was not unduly coercive.[7] As the trial court noted, the whole of the two interrogations were close in time (a maximum of two hours) and were “pretty much of a continuum” as to place and circumstances.
AFFIRMED.
GRIFFIN, C.J., and DAUKSCH, J., concur.

. § 806.01(1), Fla. Slat. (1995).

. § 810.02, Fla. Stat. (1995).

.Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. The audio and video tapes are not included in the record on appeal.

. Compare Taylor v. Alabama, 457 U.S. 687, 102 S.Ct. 2664, 73 L.Ed.2d 314 (1982).

. Compare D.N. v. State, 529 So.2d 1217 (Fla. 1st DCA), rev. dismissed, 537 So.2d 568 (Fla.1988).

. See Colorado v. Spring, 479 U.S. 564, 107 S.Ct. 851, 93 L.Ed.2d 954 (1987).